NIMMONS, Judge.
Appellant, a prisoner in the state corrections system, appeals from an order dismissing his civil complaint in which he sought damages in tort against the State of Florida and certain agents and employees of the state for various alleged acts in connection with his treatment while imprisoned in the corrections system.
Pursuant to the defendants’ motion to dismiss, the trial court dismissed the complaint for failure of the plaintiff to comply with the requirements of Section 768.28, Florida Statutes.
We affirm the dismissal order as to the defendant, State of Florida, for failure of the plaintiff to satisfy the notice requirements of Section 768.28(6). Commercial Carrier Corporation v. Indian River County, 371 So.2d 1010 (Fla.1979). However, the complaint was not dismissible as to the individual defendants inasmuch as the complaint was marginally sufficient to allege that such defendants acted “in a manner exhibiting wanton and willful disregard of human rights, safety, or property.” [1]
Accordingly, the order is affirmed with respect to its dismissal of the complaint as to the defendant, State of Florida, but reversed insofar as the dismissal to the individual defendants.
SMITH, C.J., and ERVIN, J., concur.

. Section 768.28(9)(a) provides in pertinent part:
(9)(a) No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.